IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

|  |  |  |  |
|---|---|---|---|
| CHRISTINA COLSTON, | ) | | |
| | ) | | |
|      PLAINTIFF, | ) | | |
| v. | ) | | Case No. _____ |
| | ) | | |
| ESTATE OF JAMES FOX, BRIAN | ) | | |
| FOX, ADMINISTRATOR | ) | | |
| 333 FAREHARN DRIVE | ) | | |
| VENICE, FL 34293 | ) | | |
| | ) | | |
| AND | ) | | |
| | ) | | |
| DEARBORN GROUP, INC. | ) | | |
| C/O EDWIN A. BANDEROWICZ, | ) | | |
| REGISTERED AGENT | ) | | |
| 36497 N. OLD WOODS TRAIL | ) | | |
| GURNEE, IL 60031 | ) | | |
| | ) | | |
| AND | ) | | |
| | ) | | |
| BETTER SOURCE BENEFIT COMPANY, | ) | | |
| INC., C/O JOHN D. CLAY, REGISTERED | ) | | |
| AGENT | ) | | |
| 340 CLIFTY STREET, SUITE 4 | ) | | |
| SOMERSET, KY  42501 | ) | | |
| | ) | | |
|      DEFENDANTS. | ) | | |

## NOTICE OF REMOVAL

     Comes now Defendant, Dearborn Group, Inc.  ("Dearborn"), by counsel, and respectfully

notifies this Court of the removal of the above-styled cause from the Circuit Court of Pulaski

County, Kentucky, to the United States District Court for the Eastern District of Kentucky, London

Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and states as follows:

## I.   BACKGROUND

1.      This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. §1367.

2.      On or about July 9, 2021, Plaintiff filed in the Circuit Court of Pulaski County, Kentucky the above-entitled civil action, bearing Case No. 21-CI-00628 (the "State Court Action").

3.      On July 26, 2021, Dearborn was served with Plaintiff's Complaint. Copies of Plaintiff's Complaint, the summons, and other related court documents are attached hereto as **Exhibit A**, which represent all of the pleadings received by or served upon Dearborn in connection with the State Court Action.

4.      The State Court Action is a suit of a wholly civil nature of which the United States District Court for the Eastern District of Kentucky, London Division has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

5.      Dearborn is timely filing this Notice of Removal to the United States District Court for the District of Kentucky, London Division, within 30 days of service as required by 28 U.S.C. § 1446(b).

## II.   REMOVAL

6.      This Court has federal question jurisdiction over the action because Plaintiff, as an alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan.

7.      Plaintiff alleges that James P. Fox ("Decedent") was employed with D.C. Trimble, Inc. and as a result of that employment, DC Trimble provided life insurance for him.  (Compl ¶ 3). Plaintiff alleges she is the intended beneficiary under Decedent's life insurance policy (the "Policy"). (Compl ¶¶ 8, 10).

8.      In her Complaint, Plaintiff seeks a declaration that she is a lawful beneficiary of the Policy issued by Dearborn to Decedent's employer, D.C. Trimble and requests the entire policy limits (Compl ¶¶ 14.1, 14.2).

9.      A true and correct copy of the benefit booklet is attached as **Exhibit B**. The Policy/Plan is controlled by ERISA. *See* Ex. B, at DGJFPOL 000041 ("This plan is an "employee welfare benefit plan," ("Plan") as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").")

10.     At all times relevant hereto, Dearborn established and/or maintained an employee welfare benefit plan, and Plaintiff alleges that she was a beneficiary under said employee welfare benefit plan.

11.     The Policy/Plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5).  That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ."

12.     The Policy/Plan was established and is maintained for the purpose of providing, among other things, life insurance benefits for participants and beneficiaries in the Plan.

13.     Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan and ERISA (Compl ¶¶ 14.1, 14.2).

14.     Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

15.     ERISA is a comprehensive federal statute that preempts state law claims, furnishes controlling federal substantive law, and fully occupies the field concerning claims to the benefits of employee welfare benefits plans thereby making these claims federal. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44-48 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-63 (1987).

16.     In *Metropolitan Life Ins. Co. v. Taylor*, *supra,* 481 U.S. at 65-66, *Pilot Life Ins. Co. v. Dedeaux, supra*, 481 U.S. at 54-56**,** and *Aetna Health Inc. v. Davila, supra,* 542 U.S. at 208-10, the Supreme Court established that state law claims, such as those asserted here, are completely preempted by ERISA's civil enforcement mechanism because ERISA displaces entirely any state cause of action thereby rendering Plaintiff's claims, however pleaded, exclusively a federal question case removable to this Court when its ultimate gravamen is a challenge to a denial of a right to benefits that arises by reason of the existence of an employee benefit plan.

17.     By alleging that she is a beneficiary of the Policy/Plan and is entitled to benefits stemming from the Policy/Plan, Plaintiff has asserted claims that are "necessarily federal" in character under the doctrine of complete preemption. *Metropolitan Life Ins. Co. v. Taylor*, *supra,* 481 U.S. at 65(1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) [29 U.S.C. § 1132(a)] removable to federal court" regardless of how the plaintiff pleads the claims in the complaint).

18.     This Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this

4

Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

19.     This action is therefore one of which the United States District Court for the Eastern District of Kentucky, London Division, has original federal question jurisdiction under 28 U.S.C. §§1331 and 1441, as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441.  Pulaski County is within the venue of the United States District Court for the Eastern District of Kentucky, London Division.

20.     Unanimity is not required if the non-joining defendants are merely nominal parties or the removed claim is a separate and independent claim. *See Williams v. Expedited Logistic Sols., LLC*, No. 7:11-CV-008-KKC, 2011 WL 1656255, at *2 (E.D. Ky. May 2, 2011).

21.     BetterSource and the Estate are nominal defendants whose consent is not required. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564–65 (6th Cir. 2015) (consent to removal from a nominal party is not required). A nominal defendant is a party who has no real interest in the result of the suit and need not have been made a party thereto. *See Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 328 (E.D. Ky. 2011).

22.     If the Court can enter a final judgment which would not be in any way unfair or inequitable to the Plaintiff in the absence of the parties in question, they are considered nominal. *See Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 915 (6th Cir. 2018). Parties are nominal where there is no real basis for liability against them. *See Geiman v. N. Kentucky Water Dist.*, No. 2:13-CV-177(WOB-CJS), 2014 WL 12573717, at *4–5 (E.D. Ky. Jan. 16, 2014).

23.     Here, BetterSource is a nominal defendant as there is no basis for liability and any judgment for the sought relief would be granted without its involvement. Plaintiff's primary allegation against BetterSource is that it purportedly failed to forward beneficiary information to Dearborn:

> That due to the failure of BetterSource Benefits, Inc. to forward this information to Defendant, Dearborn Group, Inc. the Plaintiff has been denied the life insurance proceeds provided by said Dearborn Group, Inc.

(Compl ¶ 9).

24.     However, BetterSource has provided sworn affidavit testimony in its Motion to Dismiss that the beneficiary information was forwarded on the date it was received. *See* BetterSource's Motion to Dismiss, pp. 2-3. There is no real basis for liability against BetterSource, who is a nominal defendant. *See Geiman*, 2014 WL 12573717, at *4–5.

25.     As Plaintiff notes, the life insurance proceeds are provided by Dearborn. (Compl ¶ 9). Thus, if Plaintiff were to prevail in her lawsuit for "the entire policy limits" as requested, Dearborn would be the party paying the proceeds. BetterSource and the Estate would not be responsible for issuing the benefits sought by Plaintiff because they are not proper defendants under ERISA. Accordingly, both BetterSource and the Estate are nominal defendants and their consent to removal is not required. *See Beasley*, 744 F. App'x 906 at 915.

26.     As discussed above and in BetterSource's Reply in Support of its Motion to Dismiss, Plaintiff's claim for benefits under the Plan is governed by ERISA. ERISA permits a beneficiary to bring suit for three purposes: 1) to recover benefits due to him under the terms of his plan, 2) to enforce his rights under the terms of the plan, or 3) to clarify his rights to future benefits under the terms of the plan. 29 U.S.C.A. § 1132. Neither BetterSource nor the Estate have the authority or power to grant relief under ERISA.

27.     If removal is based on the presence of a separate and independent claim ... only those defendants who are defendants to the removable claim must join in the removal notice. *See Lausin v. Bishko*, No. 1:07-CV-1231, 2007 WL 2046808, at *2 (N.D. Ohio July 11, 2007). Here, only Dearborn is a proper defendant to the ERISA claim for benefits. Consent from the other Defendants is thus not required.

28.     Furthermore, BetterSource is a fraudulently joined defendant and its consent is thus not required. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564–65 (6th Cir. 2015). BetterSource has filed a motion and reply explaining that there is no claim against it, including that ERISA does not authorize suit against it. (**Exhibit C**, Motion and Reply.) Indeed, Plaintiff conceded that she has no claim against BetterSource. (**Exhibit D**, Response.) Accordingly, BetterSource is a fraudulently-joined defendant who does not need to consent.

29.     Therefore, Dearborn files this Notice of Removal of this action from the Circuit Court of Pulaski County, Kentucky, in which it is now pending, to the United States District Court for the Eastern District of Kentucky, London Division.

30.     Attached to this notice, marked as **Exhibit E** and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed with the Circuit Court of Pulaski County, Kentucky.

WHEREFORE, Dearborn notifies this Court of the removal of this action from the Circuit Court of Pulaski County, Kentucky to the United States District Court for the Eastern District of Kentucky, London Division.

Dated August 23, 2021.

Respectfully submitted,


/s/ Jennifer S. Rusie
Jennifer S. Rusie, KY #097123
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615.254.1900
Facsimile:  615.254.1908
Email:  Jennifer.Rusie@odnss.com

Counsel for Defendant Dearborn Group,
Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, the foregoing Notice of Removal was served via U.S. Mail upon the following:

Michele Wilson Jones
P.O. Box 888
Whitley City, KY 42653
Phone:  606-376-2200
Rj33@highland.net
*Attorney for Plaintiff*

John Fortner
526 Greenup Street
Covington, KY 41011
(859) 491-1665
*Attorney for Estate of James Fox*

John D. "Chip" Clay
340 Clifty Street, Suite 4
Somerset, Kentucky 42501
chip@bettersourcebenfits.com
*Attorney for Bettersource Benefit Company, Inc.*


*/s/ Jennifer S. Rusie*
Jennifer S. Rusie


48105278.1